UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYKOURGOS TSIRAKIS,<br><br>        Plaintiff,<br><br>vs.<br><br>FIELD STREET CAPITAL MANAGEMENT, LLC,<br><br>        Defendant. | **COMPLAINT**<br><br>\_\_\_\_ Civ. _____ |

Plaintiff Lykourgos Tsirakis ("Mr. Tsirakis" or "Plaintiff"), by his attorneys Seward & Kissel LLP, for his complaint against Defendant Field Street Capital Management, LLC ("Field Street" or "Defendant"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff brings this action against Defendant Field Street, an asset management firm and Mr. Tsirakis's former employer, to obtain the full benefits due him under his June 2015 separation agreement with Field Street. Simply put, Field Street has repudiated its obligation to pay Mr. Tsirakis more than $7.5 million in severance compensation under the guise of an alleged improper communication with a junior level trader concerning possible employment. Field Street's repudiation represents a desperate, bad-faith attempt to invent a reason to deprive Mr. Tsirakis of his hard earned compensation.

2. Mr. Tsirakis is one of the most successful fixed income arbitrage portfolio managers in the world. During his four years at Field Street, he was instrumental in growing the firm's assets under management ("AUM") from approximately $590 million when he joined in 2011 to more than $3 billion in 2015. Mr. Tsirakis successfully managed one-third of Field Street's AUM – most recently managing a portfolio of more than $1.1 billion. When Mr.

Tsirakis resigned from Field Street in April 2015 to pursue his own business, his portfolio was up over $65 million for the year.

3. As part of his separation arrangements, Mr. Tsirakis and Field Street entered into a separation agreement ("Separation Agreement") in which Field Street acknowledged that Mr. Tsirakis could use and disclose his investment track record (the "Track Record") in connection with his future business, and promised to pay Mr. Tsirakis $7,566,540 in exchange for a release of claims and entering into enhanced, 5-year long restrictive covenants. Nevertheless, as part of the deal, Mr. Tsirakis agreed to forfeit more than $8 million in deferred compensation that he had been awarded in prior years as a result of his stellar performance.

4. By letter dated December 15, 2015, Field Street notified Mr. Tsirakis that it would not pay him his full separation payment that it promised under his Separation Agreement and "revoked" its permission to use his investment Track Record. Field Street accused Mr. Tsirakis of breaching his five-year non-solicitation of employees restriction based on certain unidentified "interactions" with Employee A, a junior trader who was part of Mr. Tsirakis's team at Field Street. On information and belief, Field Street had terminated Employee A's employment the week before.

5. As set forth in more detail below, Mr. Tsirakis has complied with the terms of the Separation Agreement including the obligation not to solicit or hire Field Street employees. Field Street, however, in a fit of pique, has declared that it will not perform under the Separation Agreement based on invented -- and false -- allegations of a breach. Field Street's egregious conduct has and will have profound effects on Mr. Tsirakis and his business.

6. Accordingly, Mr. Tsirakis brings this action for (a) declaratory judgment that Mr. Tsirakis has not breached the Separation Agreement; (b) damages for Field Street's

2

breach of the Separation Agreement; and (c) damages for Field Street's willful violation of New York Labor Law Section 193.

## THE PARTIES

7. Plaintiff Mr. Tsirakis is an individual citizen of Greece, residing in New York, New York.

8. Defendant Field Street Capital Management, LLC is a limited liability company organized under the laws of the State of Delaware, located at 1140 Avenue of the Americas, 6th Floor, New York, New York 10036.

## VENUE AND JURISDICTION

9. Venue is proper under 28 U.S.C. § 1391(b).

10. Jurisdiction against Defendant is proper under 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a state and a citizen of a foreign state.

## STATEMENT OF FACTS

**Plaintiff's Success at Field Street**

11. Mr. Tsirakis joined Field Street as a portfolio manager in January 2011. As one of Field Street's most valuable and successful portfolio managers, Mr. Tsirakis quickly became a driving force behind Field Street's growth. Mr. Tsirakis more than doubled his assets under management each year of his employment, contributing significantly towards the overall growth of Field Street's total AUM. Mr. Tsirakis's remarkable success helped grow Field Street's AUM from approximately $590 million to more than $3 billion. At the time of his departure, Mr. Tsirakis was managing almost $1.1 billion of Field Street's more than $3 billion of AUM.

12. As further testament to Mr. Tsirakis's value at Field Street, his compensation nearly doubled every year that he was employed there. Under the terms of Mr. Tsirakis's employment agreement with Field Street, he was required to defer nearly a third of his compensation each year.

**Plaintiff Departs From Field Street and Enters Into A Separation Agreement**

13. During the beginning of 2015, Mr. Tsirakis was having another exceptional year. He decided the time was ripe for him to pursue the next step in his career – opening his own business. Thus, on or about April 28, 2015, Mr. Tsirakis delivered to Field Street a letter informing Field Street of his resignation, as required under his employment agreement.

14. While it could not prevent him from leaving and starting his own business, Field Street took this opportunity to impose on Mr. Tsirakis onerous restrictive covenants well beyond the scope of those included in his employment agreement with Field Street. In particular, Field Street required Mr. Tsirakis to agree to a five-year long non-solicitation obligation, a two-year long non-competition obligation, and give a general release of claims. These restrictions are well in excess of the terms set forth in Mr. Tsirakis's employment agreement. Field Street agreed to pay Mr. Tsirakis a bonus based on his portfolio's performance through his separation date – an amount equal to $7,566,540 -- and acknowledged that Mr. Tsirakis could use and disclose his Track Record, including to market his new firm to prospective clients. On June 19, 2015, Mr. Tsirakis and Field Street entered into a Separation Agreement memorializing these terms, among other things.

15. In pertinent part, the Separation Agreement provides that Mr. Tsirakis shall not, without prior written consent and for a period of five years

(1) hire, solicit, recruit, induce, procure or attempt to hire, solicit, recruit, induce or procure, directly or indirectly, any person who is an employee or member of the Company or any affiliated or related entity and who was such an employee or member at any time during the final twelve (12) months of your employment; (2) assist in hiring any such person by any other individual, sole proprietorship, company, partnership, broker-dealer, investment advisor, investment company, hedge fund, bank, mutual fund or other enterprise; or (3) encourage any such person to terminate his or her employment or membership with the Company or any affiliated or related entity.

16. Since Mr. Tsirakis's departure from Field Street, he has taken steps to form his own investment advisory business with a business partner. They currently are in the fund-raising stages, a critical time for the successful launch of the business. As part of this process, Mr. Tsirakis has shared with prospective investors his Track Record, as Field Street agreed he could in the Separation Agreement.

17. Based on Mr. Tsirakis's and his partner's reputation and business acumen -- and Mr. Tsirakis's Track Record -- the new firm has generated significant interest from prospective investors and is poised for success.

**Mr. Tsirakis and Employee A**

18. Employee A was a junior trader, only a few years removed from college when she first joined Field Street in or about the summer of 2013. Employee A reported directly to Mr. Tsirakis while he was employed at Field Street. Following Mr. Tsirakis's departure, she reported to Rod Gancas, Field Street's Founder and Chief Investment Officer.

19. Mr. Tsirakis and Employee A became friends as well as colleagues, and they kept in contact following Mr. Tsirakis's departure.

20. On information and belief, in or about late fall 2015, Employee A inquired of Mr. Tsirakis about whether she could possibly work with him at his new business. Mr.

Tsirakis informed her that he was bound by a restrictive covenant with Field Street and could not hire her absent Field Street's prior written consent.

**Field Street Fires Employee A**

21. On information and belief, in early December, Employee A approached Mr. Gancas, told him that she wanted to join Mr. Tsirakis at his new venture, that Mr. Tsirakis had told her he could not hire her without permission from Field Street, and asked Mr. Gancas for permission to join Mr. Tsirakis.

22. On information and belief, Employee A was promptly fired after such conversation.

**Field Street's Breach of the Separation Agreement**

23. By letter dated December 15, 2015 from Field Street Chief Operating Officer Paul Iaboni to Mr. Tsirakis's counsel ("December 2015 Letter"), Field Street alleged that Mr. Tsirakis had breached the terms of the Separation Agreement because of his "interactions" with Employee A, and, as a result, Field Street would not pay Mr. Tsirakis his full severance amount, and "revoked" its permission to use his Track Record. A true and correct copy of the December 2015 Letter is attached as Exhibit A.

24. Conspicuously absent from the December 2015 Letter was any reference to the particular conduct that Field Street purportedly believed was grounds for reneging on its obligations to Mr. Tsirakis under the Separation Agreement. Rather, Field Street simply stated that "[i]t has come to the attention of Field Street that in connection with his interactions with [Employee A], a Field Street employee, Mr. Tsirakis breached Section 7(c)(ii)(A) of the Agreement . . . ." (December 2015 Letter at p. 1).

6

25. The "interaction" to which Field Street is referring was Mr. Tsirakis advising Employee A that he could not hire her because he had a restrictive covenant.

26. Field Street has conceded it has no protectable business interest in continuing to employ Employee A because, on information and belief, they fired her promptly after she inquired whether she could join Mr. Tsirakis.

27. Field Street has simply manufactured an excuse to try to escape paying Mr. Tsirakis the substantial amounts he is due under the Separation Agreement, and to prevent Mr. Tsirakis from achieving success in his planned launch by preventing him from using or disclosing his Track Record.

28. Field Street has no business interest in preventing Mr. Tsirakis from continuing to use his Track Record as it expressly permitted him to use the Track Record in connection with his efforts to launch his own fund. Field Street's alleged "revocation" of permission to do so is simply an attempt to punish Mr. Tsirakis and interfere with his business in an emotional reaction to Employee A's desire to work with her former boss and mentor.

## FIRST CAUSE OF ACTION
## (DECLARATORY JUDGMENT)

29. Plaintiff re-alleges paragraphs 1 through 28 as if set forth fully herein.

30. Field Street has accused Mr. Tsirakis of breaching the non-solicitation provision of the Separation Agreement, and Mr. Tsirakis has denied that he has done so.

31. On the basis of the alleged breach, Field Street has informed Mr. Tsirakis that it will not pay him the full separation payment required under the Separation Agreement, and has "revoked" its permission for Mr. Tsirakis to use and disclose the Track Record.

32. There is an actual and justiciable dispute regarding the parties' rights and obligations under the Separation Agreement.

33. The declaratory relief sought in this action will clarify and settle Mr. Tsirakis's rights under the Separation Agreement.

34. Pursuant to 28 U.S.C. § 2201, Plaintiff requests a declaration of the parties' rights and obligations under the Separation Agreement, including but not limited to, a judgment declaring that Mr. Tsirakis has not breached the terms of the Separation Agreement.

## SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT)

35. Plaintiff re-alleges paragraphs 1 through 34 as if set forth fully herein.

36. Defendant Field Street agreed under the Separation Agreement to pay Mr. Tsirakis compensation of $7,566,540, and gave him permission to use and disclose the Track Record.

37. Mr. Tsirakis has complied with his obligations under the Separation Agreement.

38. Field Street violated the terms of the Separation Agreement by refusing to pay Mr. Tsirakis his compensation of $7,566,540, and by "revoking" its permission for Mr. Tsirakis to use his Track Record based on actions that simply are not a breach of the Separation Agreement.

39. As a direct and proximate cause of Field Street's breaches of its contractual obligations, Mr. Tsirakis has suffered damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (UNLAWFUL DEDUCTION FROM WAGES UNDER
## NEW YORK LABOR LAW § 193)

40. Plaintiff re-alleges paragraphs 1 through 39 as if set forth fully herein.

41. Pursuant to the Separation Agreement, Field Street is required to pay Mr. Tsirakis $7,566,540 in separation payments, which amounts constitute a "wage" under New York Labor Law.

42. Field Street has advised Mr. Tsirakis that it has deducted 95% from his separation payments and will pay him only 5% of the separation payments it owes him.

43. Field Street has made an improper deduction from Mr. Tsirakis's wages.

44. Field Street has willfully refused to pay Mr. Tsirakis the full amount of wages to which he is entitled.

45. As a direct and proximate cause of Field Street's wrongful acts, Mr. Tsirakis has suffered damages in an amount to be determined at trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests this Court enter judgment as follows:

(a) on his First Cause of Action, pursuant to 28 U.S.C. § 2201, a declaratory judgment declaring that Mr. Tsirakis has not breached the Separation Agreement;

(b) on his Second Cause of Action, an award of damages to be determined at trial;

(c) on his Third Cause of Action, an award of damages to be determined at trial, plus attorneys' fees and costs, and an amount equal to 100% of the unpaid severance amounts as liquidated damages;

(d) pre-judgment interest at the statutory rate of nine percent (9%) per annum as set forth in CPLR § 5004; and

(e) such other, further and different relief as the Court determines is just and proper.

New York, New York
January 4, 2016

SEWARD & KISSEL LLP

By: ___/s/ Mark J. Hyland_____
    Mark J. Hyland
    Julia C. Spivack

    One Battery Park Plaza
    New York, NY 10004
    (212) 574-1200

    *Attorneys for Plaintiff Lykourgos Tsirakis*